### In re KEL–WOOD TIMBER PRODUCTS COMPANY, Debtor.

#### Bankruptcy No. 87–02581–R.

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

June 24, 1988.

Ben R. Lacy, IV, Sands, Anderson, Marks & Miller, Richmond, Va., for debtor.

A. Peter Brodell, Williams, Mullen, Christian and Dobbins, P.C., Richmond, Va., for Unsecured Creditors' Committee.

Kevin R. Huennekens, Maloney, Yeatts & Barr, P.C., Richmond, Va., for estate of Kel–Wood Timber Products.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

### FINDINGS OF FACT

This matter comes before the Court on the application of Williams, Mullen, Christian & Dobbins, P.C., ("Applicant") as counsel for the Official Committee of Unsecured Creditors for compensation in the amount of $3,212.50 [1] in attorneys' fees and $159.66 in out-of-pocket expenses incurred by the firm. The Applicant was employed under 11 U.S.C. § 1103 as counsel for the Official Committee of Unsecured Creditors ("Creditors' Committee") for Kel–Wood Timber Products Company ("Kel–Wood"). Kel–Wood had filed a petition for reorganization relief under Chapter 11 of the United States Bankruptcy Code in this Court on December 21, 1987. The case was later converted to a proceeding under Chapter 7 of the Bankruptcy Code on February 22, 1988. The Applicant is requesting expenses and fees for the period of February 10, 1988 through March 28, 1988, of which $852.00 of the attorneys' fees and all of the expenses requested occurred after the conversion of the case from Chapter 11 to Chapter 7.

### CONCLUSIONS OF LAW

■ 11 U.S.C. § 1103 of the United States Bankruptcy Code ("The Bankruptcy Code" or "The Code") grants to a committee appointed under § 1102 the authority to employ counsel to represent or perform services for such committee. Section 330 of The Code similarly provides that the bankruptcy court may award to an attorney employed under § 1103 "reasonable compensation for actual, necessary services rendered by such ... attorney ... based on time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under [title 11]. . . ."

As previously recited in the findings of fact, this case was converted from Chapter 11 of The Bankruptcy Code to a proceeding under Chapter 7 on February 22, 1988. The entry of the February 22 Order has the effect of granting a new "Order for Relief" under Chapter 7 and with certain exceptions terminates the previous Order for Relief entered pursuant to Chapter 11. 11 U.S.C. § 348.[2]

A review of § 348 finds no provision authorizing the continuance of a Chapter 11 Creditors' Committee postconversion. Instead, § 705 of The Bankruptcy Code provides that under Chapter 7 certain creditors may elect a committee of creditors to represent their interests during the administration of the Chapter 7 estate. The Code, however, does not provide for the compensation of attorneys representing a Chapter 7 Creditors' Committee and no evidence has even been offered suggesting the Applicant has been employed by such a committee. As a consequence, this Court must find that the conversion to Chapter 7 and the ensuing termination of the Chapter 11 Order for Relief results in the dissolution of any committee appointed under 11 U.S.C. § 1102 and similarly prevents any award of attorneys' fees from the estate for postconversion services. Therefore,

---

**1.** From the itemized fees submitted to this Court the amount requested from February 10, 1988 through March 28, 1988 is $3,212.50 and not $3,473.51 as originally filed.

**2.** 11 U.S.C. § 348 states that the:

Conversion of a case from a case under one chapter of this title [11 USCS §§ 101 et seq.] to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but except as provided in subsections (b) and (c) of this section, does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.

this Court finds that statutory authority for granting the Applicant's request for compensation after the entry of a conversion order does not exist and that the Applicant's award must be limited for services rendered prior to the conversion.

■ The Applicant has argued that this Court in awarding fees under § 330 has the authority to allow a "premium" be paid on the preconversion compensation and expenses requested. By awarding such a premium, the Applicant contends that the Court would be recognizing the contribution counsel made to the estate by performing "invaluable" and "necessary" services postconversion. In suport of their argument, the Applicant cites two cases, *Harmon v. Levin*, 772 F.2d 1150 (4th Cir.1985), and *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974), which rely on a twelve factor test in awarding attorneys' fees.

In reviewing both *Harmon* and *Johnson* and the twelve factors they applied when awarding fees, this Court is unable to find sufficient support for allowing compensation over and above the fees incurred preconversion. The fact pattern of *Harmon* addresses a situation where the United States Court of Appeals affirmed a lower court's award of fees that was significantly less than what was requested by the counsel for the debtor. In *Johnson*, the Circuit Court remanded the case to the United States District Court so that the District Court could reconsider its allowance of a significantly reduced fee request in light of the above-mentioned twelve factor test. Neither court in making their ruling found that the attorneys should receive a premium because of the "value" of the work provided. Instead, both courts considered the value of the work performed only with regard to the question of whether the full amount of compensation requested should have been provided. As a result, this Court must reject the Applicant's argument and limit its award to the work provided preconversion.

An appropriate Order will issue.